UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

v.   Case No:   8:25-cv-01327-JLB-SPF

JUDGE PAMELA VERGARA, JP
MORGAN CHASE BANK, AND
ALEXANDRA ROBIN KALMAN,

    Defendants.
_____/

## ORDER

Plaintiff Derrel Leonard Thomas, proceeding *pro se*, sues Defendants Judge Pamela Vergara ("Judge Vergara"), JP Morgan Chase Bank ("Chase Bank"), and Alexandra Robin Kalman ("Ms. Kalman") for claims under 42 U.S.C. § 1983 in connection with Chase Bank's foreclosure of Plaintiff's property in Florida state court.  (Doc. 1).  The Defendants moved to dismiss, with Chase Bank also moving to quash service of process.  (Docs. 13, 17, 22).  Plaintiff responded.  (Docs. 14, 19, 24).  Upon careful review, Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction as to all Defendants and, even if the Court has subject matter jurisdiction, the Court dismisses Chase Bank for lack of personal jurisdiction.

## BACKGROUND[1]

Plaintiff entered into a mortgage agreement with Defendant Chase Bank on May 21, 2010. (Doc. 1-1 at 3). The mortgage was secured by property that Plaintiff owned in Hernando County. (*Id.*). In September 2021, Chase Bank sued in Florida circuit court to foreclose on the mortgage. (Doc. 1-1 at 2). Defendant Judge Pamela Vergara was the Florida state court judge assigned to the case, and Defendant Alexandra Robin Kalman represented Chase Bank in the foreclosure matter. (*See* Doc. 1 at 5–6).

Chase Bank alleged that Plaintiff had been in default since June 1, 2016, and it moved for summary judgment. (*Id.* at 4–5). On June 28, 2022, Judge Vergara granted summary judgment in favor of Chase Bank. (*Id.* at 5). On March 6, 2025, Chase moved to reschedule the foreclosure sale, which Judge Vergara granted. (*Id;* Doc. 1-1 at 29–35). Judge Vergara also granted Chase's motion to amend the amounts due and owing. (Doc. 1 at 5). Plaintiff objected to both orders, arguing that Florida's statute of limitations barred Chase Bank's foreclosure action. (Doc. 1-1 at 40–50). He appealed the orders to Florida's Fifth District Court of Appeal ("Fifth DCA") (Doc. 1 at 5), but it dismissed Plaintiff's appeal for lack of jurisdiction over the non-appealable, non-final orders after he responded to the court's show-cause order. (*See id.* at 5–6; Doc. 1-1 at 60–61; Doc. 1-1 at 99–106).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1).

On May 5, 2025, Chase Bank filed a notice of the foreclosure sale. (Doc. 1 at 6; Doc. 1-1 at 75–78). Plaintiff moved to dismiss the case on May 16, 2025, based on a statute of limitations defense (Doc. 1 at 6; Doc. 1-1 at 85–88), but Judge Vergara denied the motion (Doc. 1-1 at 90–91). At the foreclosure sale, Chase Bank purchased the property for $100.00. (Doc. 1-1 at 93–97).

Plaintiff now sues Defendants in federal court under section 1983. (Doc. 1). Plaintiff claims that Judge Vergara's conduct in her individual capacity was racially discriminatory and deprived him of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (*Id.* at 6–7). He claims that Chase Bank, ostensibly in its official capacity, violated both Florida's foreclosure and the Fourteenth Amendment's due process and equal protection clauses. (*Id.* at 7). And he claims that Ms. Kalman violated Florida's foreclosure laws in violation of the Fourteenth Amendment's Due Process Clause in her individual capacity. (*Id.*). Each Defendant moved to dismiss, arguing, among other reasons, that the Court lacks subject matter jurisdiction and, even if the Court has jurisdiction, Plaintiff nonetheless fails to state a claim. (Docs. 13, 17, 22). Plaintiff responded to Defendants' motions to dismiss. (Docs. 14, 19, 24).

## LEGAL STANDARD

When a motion seeks dismissal on multiple grounds, a court should first consider the jurisdictional challenges. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). Courts must always address threshold jurisdictional issues first, since a court cannot reach questions that it never had jurisdiction to

entertain. *Boone v. Sec'y, Dep't Of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004). "Federal courts are courts of limited jurisdiction," and subject matter jurisdiction must be established before a case can proceed on the merits. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation omitted).

"[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim . . . ." *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Next, Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden to establish personal jurisdiction over the defendant. *Morris v. SSE,*

*Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Personal jurisdiction includes service of process. *Prewitt Enters., Inc v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served on the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3rd Cir. 1991).

## DISCUSSION

Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Specifically, all Defendants argue this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and Chase Bank argues it was not properly served. Each argument will be addressed in turn.

### I. The Court Lacks Subject Matter Jurisdiction under the *Rooker-Feldman* Doctrine.

Defendants move to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Docs. 13, 17, 22). The *Rooker-Feldman* doctrine applies to cases involving "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It is a narrow doctrine that "follows naturally from the jurisdictional bounds that Congress has set for the federal courts. First, federal courts are courts of original jurisdiction—they generally cannot hear appeals . . . . And second, only the Supreme Court can 'reverse or modify' state court judgments . . . ." *Behr v. Campbell*, 8 F.4th 1206,

5

1210 (11th Cir. 2021) (citations omitted). However, that is the full extent of the *Rooker-Feldman* doctrine. *Id.*

Accordingly, *Rooker-Feldman* does not bar a plaintiff's claims simply because they deal with events that happened in state court. *Id.* at 1212. To be excluded, each claim must be "a direct attack on the underlying state court decision." *Id.* (citation omitted). Thus, claims for damages are not inherently barred by *Rooker-Feldman*, *see id.* at 1212–14, but they become so if they require the federal court to review and reject the state court's decision. *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024).

Take the Eleventh Circuit's decisions in *Behr v. Campbell* and *Efron v. Candelario* as examples. In *Behr*, a plaintiff-father brought procedural due process claims against third parties, alleging that they falsified or coerced information used during his state-court custody proceedings. *Behr*, 8 F.4th at 1213. The court allowed his claims to proceed because they sought only monetary relief for independent violations committed by third parties. *Id.*

In contrast, the plaintiff in *Efron* alleged that his ex-wife secured alimony payments through a quid pro quo agreement with the judge presiding over his divorce. *Efron*, 110 F.4th at 1232–33. The court held that, even though the plaintiff sought only monetary damages from his wife on three of his claims, the claims were still barred under *Rooker-Feldman* because ruling in plaintiff's favor would require the court to declare that the divorce proceeding was corrupt. *Id.* at 1236–37. Even though plaintiff did not explicitly ask the district court to overturn the state court's

6

judgment, he asked it to find that the monetary award was the result of corruption, "which amount[ed] to the same thing." *Id.* at 1237; *see also Dixon v. Abruzzo*, No. 23-12277, 2024 WL 4132504, at *1 (11th Cir. 2024) ("[A]lthough [plaintiffs] did not expressly ask the district court to overturn the foreclosure judgment, the claims are premised on the theory that the defendants wrongly sold the property following the foreclosure because the Dixons were the rightful owners. The district court did not err in ruling it lacked jurisdiction under *Rooker-Feldman*.").[2]

*Efron* also highlights the principle that a claim does not escape *Rooker-Feldman* simply because it is brought against a third party. *See id.* at 1233. It made no difference to the Eleventh Circuit that the plaintiff's claims were brought against his ex-wife, rather than the state-court judge. *See id.* at 1236–37. The core question remained "whether the substance—if not the form—of a plaintiff's claim require[d] a district court to 'review' and 'reject' a state court judgment." *Id.* at 1238 (citing *Behr*, 8 F.4th at 1211).

Here, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because they ask the Court to either overturn the state-court foreclosure judgment or award damages to Plaintiff because of the foreclosure judgment and award. First, Plaintiff seeks injunctive relief on all claims to "prevent the Defendants from a transfer of

---

[2] While Plaintiff casts this lawsuit as a section 1983 action, he is essentially seeking collateral review in federal court of decisions made in state court. United States district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988).

7

title." (Doc. 1 at 7). The Court has no subject matter jurisdiction to do that because it would require the court to modify or reverse the state court's judgment. *See Behr*, 8 F.4th at 1213; *see also Guy v. Florida*, No. 19-12852, 2022 WL 1112878, at *3 (11th Cir. 2022) (affirming a *Rooker-Feldman* dismissal where plaintiff asked for a stay of state foreclosure proceedings).

Plaintiff's claims for damages fare no better because each would require the court to review the correctness of the state court's judgment. First, his claims against Judge Vergara for Fourteenth Amendment due process and equal protection violations would require the Court to determine whether Judge Vergara's foreclosure orders and rejection of Plaintiff's statute of limitations argument were proper. Next, to rule on Plaintiff's claims against Judge Vergara for racial discrimination, the Court would need to judge whether Judge Vergara rendered an improper judgment because of Plaintiff's race. Third, Plaintiff's claims against Chase Bank for violations of Florida foreclosure law and Fourteenth Amendment due process and equal protection violations depend on whether Judge Vergara's summary judgment order was legally correct. The same is true for Plaintiff's claims against Ms. Kalman.

Each of these claims for damages arguably does not seek to overturn the state court foreclosure judgment directly. However, as in *Efron*, because awarding the damages depends on whether the state court's judgment was right or wrong, they are barred by *Rooker-Feldman*. *See Efron*, 110 F.4th at 1237. Because each claim is essentially an appeal of the state court's judgment, albeit using different

8

language, *Rooker-Feldman* applies, and the Court lacks subject matter jurisdiction. *See Efron*, 110 F.4th at 1236. The proper remedy for the Plaintiff is to file appropriate appeals or writs in Florida state court.

It also bears mentioning that, even if *Rooker-Feldman* did not bar Plaintiff's claims, he would have failed to state a claim against each defendant. Judge Vergara is judicially immune because she acted judicially and within the jurisdiction of her court. *See McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (applying judicial immunity to a section 1983 claim)). And Chase Bank and Ms. Kalman are not state actors under section 1983. *See, e.g.*, *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."). Therefore, Plaintiff's Complaint is due to be dismissed.[3]

---

[3] The Court has carefully reviewed this section 1983 complaint and has determined that any amendment to the complaint would be futile. First, at its core, the complaint seeks reversal of a state court action in contravention of the *Rooker-Felman* doctrine. Next, to state a claim under section 1983, a defendant must be a state actor. Chase Bank is a private entity. And Ms. Kalman is private attorney. Neither is a state actor (or acting as one) subject to suit under section 1983. *See Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) ("The fact that the defendants engaged in the state-court process and obtained court orders is insufficient to make them state actors."). Lastly, to the extent Judge Vergara is a state actor, she adjudicated the foreclosure case as part of her state judicial duties and is entitled to judicial immunity. Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in "complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction." *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

## II. The Court Lacks Personal Jurisdiction over Defendant Chase Bank Because Plaintiff Did Not Properly Serve Chase Bank.

Even if this Court has subject matter jurisdiction, the Court also lacks personal jurisdiction over Chase Bank. Chase Bank states that Plaintiff served Carrington Mortgage Services, LLC ("Carrington") with a copy of his complaint. (Doc. 22 at 2; Doc. 8). Carrington is a loan servicer for Chase Bank and is "not the registered agent officer, director, or business agent of JPMorgan." (Doc. 22 at 2). Chase Bank attached a declaration signed by a director of Carrington to its motion to dismiss, supporting the same proposition. (Doc. 22-1).[4] Thus, Chase Bank suggests that it was not properly served, and the Court lacks personal jurisdiction over it. (Doc. 22 at 5–6). Plaintiff's response seems to be that Carrington provided evidence on behalf of Chase Bank during the state foreclosure proceedings, and Chase Bank was necessarily notified by service on Carrington. (*See* Doc. 24 at 1–2, 5).

Improper service of process raises personal jurisdiction and due process concerns. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "Generally, where service of process is insufficient, the court has no power to render judgment . . . ." *Id.* "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)

---

Thus, the Court concludes that any amendment to the complaint would be futile.

[4] "An unsworn written declaration may be used as evidence if the writer includes and signs a statement such as, "I declare under penalty of perjury that the foregoing is true and correct." *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (citing 28 U.S.C. § 1746).

(per curiam). "Where service of process is challenged, the party on whose behalf it is made . . . bears the burden of establishing its validity." *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). Courts may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction or ineffective service of process. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). And if service is found to be insufficient, courts have "broad discretion to dismiss the action or retain the case but quash the service that has been made on the defendant." *Hunter-Riley v. Professional Collision*, 2021 WL 800848, at *6 (S.D. Al. 2021) (citing Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.)).

Federal Rule of Civil Procedure 4(h)(1) provides two methods to serve a domestic corporation. Fed. R. Civ. P. 4(h)(1). First, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). That is, the corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

Regarding the first method, section 655.0201, Florida Statutes, allows a financial institution to designate a place or registered agent with the Florida Department of State to be the institution's "sole location for service of process." Fla. Stat. 655.0201(2); *see also* Fla. Stat. 48.092 ("Service on financial institutions must be made in accordance with s. 655.0201."). "If a financial institution has no registered agent or service cannot be made in accordance with subsection (2), service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state." Fla. Stat. 655.0201(3)(a). Under Florida law, banks are financial institutions. Fla. Stat. 665.005(1)(i).

Here, Plaintiff failed to properly serve Chase Bank. Plaintiff's Proof of Service (Doc. 8) indicates that Plaintiff served Carrington, and Chase Bank provided evidence that Carrington is not authorized to receive process on behalf of Chase. (Docs. 22 at 2, 22-1 at 1–3). Plaintiff does not dispute that he served Carrington. (Doc. 24 at 1–2). Instead, he argues that service on Carrington was sufficient. (*Id.* at 2).

Plaintiff bears the burden to demonstrate that his service of process was sufficient. *Hines*, 782 F. App'x at 854. His response to Chase Bank's motion is insufficient because he provides no evidence that Carrington was Chase Bank's registered agent under section 655.0201(2), or that Carrington was Chase's agent in some other capacity pursuant to section 655.0201(3)(a) or Federal Rule of Civil Procedure 4(h)(1)(B). Moreover, his service was insufficient under 655.0201(3)(a)

12

because Chase was neither served at its "principal place of business" nor did Plaintiff serve Carrington "in the state" of Florida. Fla. Stat.655.0201(3)(a). He served Carrington in California. (Doc. 8). Finally, Plaintiff's service was insufficient under Federal Rule of Civil Procedure 4(h)(1)(B) because Carrington is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Chase Bank. *See Patterson v. Meredith Corp.*, 2018 WL 3860164, at *2 (M.D. Fla. 2018) (holding that serving even a regular employee of the defendant was insufficient for service under Rule 4(h)(1)(B)). Consequently, service as to Chase Bank was improper.

Because the Court would lack subject matter jurisdiction over Plaintiff's claim against Chase Bank even if Plaintiff served Chase Bank properly, the Court grants Chase Bank's motion to dismiss rather than granting leave for Plaintiff to serve Chase Bank correctly. *See Hunter-Riley*, 2021 WL 800848, at *6.

*–Rest of page intentionally left blank–*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Defendant Judge Pamela Vergara's Motion to Dismiss (Doc. 13) is **GRANTED**.

(3) Defendant Alexandra Robin Kalman's Motion to Dismiss (Doc. 17) is **GRANTED**.

(4) Defendant JPMorgan Chase Bank, N.A.'s Motion to Quash Service of Process and Motion to Dismiss Complaint (Doc. 22) is **GRANTED in part**, granting the motion to dismiss.

(5) Plaintiff's Motion for Leave of Court to Add Joinders (Doc. 9) is **DENIED as moot**.

(6) Plaintiff's Motions for Summary Judgment (Docs. 27, 43) are **DENIED as moot**.

(7) Plaintiff's Motion for Extension of Time (Doc. 42) is **DENIED as moot**.

(8) The Clerk is instructed to terminate all pending deadlines and motions, and **CLOSE THE CASE**.

**ORDERED** in Tampa, Florida, on December 2, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE